KENNETH R. HOGGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hogge v. Commissioner
Docket No. 26785-82.
United States Tax Court
T.C. Memo 1984-129; 1984 Tax Ct. Memo LEXIS 542; 47 T.C.M. (CCH) 1279; T.C.M. (RIA) 84129; March 15, 1984. Bart J. Bailey, for the petitioner, David L. Miller, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
Year
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
1978
$10,530.34
$2,035
$527
$240
1979
7,698.42
1,688
385
269
1980
3,646.00
911
182
233
*543 After concessions, the sole issue is whether petitioner is entitled to have his 1978, 1979, and 1980 Federal income tax liability determined on the basis of the "married filing joint return" tax rates. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner, Kenneth R. Hogge, resided in Draper, Utah, when the petition was filed herein. Petitioner did not file a timely Federal tax return for his 1978, 1979, or 1980 taxable years. [2] Consequently, in his notice of deficiency respondent determined petitioner's taxable income for those years based on the information contained on petitioner's 1978, 1979, and 1980 W-2 Forms, Wage and Tax Statements, and computed his tax liability on that income on the basis of the "married filing separate returns" tax rates in effect for those years. On August 17, 1983, after petitioner had filed his petition herein, petitioner and his wife delivered completed 1978, 1979, and 1980 Forms 1040 to respondent on which they marked their filing status as "married filing joint return." Although *544 respondent determined that the information contained on these forms was correct, he did not recompute petitioner's tax liability on that basis. OPINION The only issue before us is whether under the circumstances of this case petitioner's tax liability for the years at issue should be determined on the basis of the "married filing joint return" tax rates. Although under section 6013(b) a married individual generally may substitute a joint return for a previously filed separate return, this election is limited by section 6013(b)(2) which provides in part as follows: (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- * * * (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * * Petitioner's attempt to have his tax liability for the years at issue *545 computed on the basis of the "married filing joint return" tax rates clearly violated this limitation in subsection 6013(b)(2)(C). Petitioner attempted to file joint returns on August 17, 1983, several months after he had already responded to respondent's notice of deficiency by filing a timely petition with this Court. Moreover, this limitation is applicable whether the original election to compute the individual's tax liability on the basis of the "married filing separate return" tax rates is made by the individual on his return for the year in issue of whether, as in the instant case, that election is made by respondent in his notice of deficiency because the individual failed to file a return. [3] See ; , affd. on this issue ; , affg, per curiam a Memorandum Opinion of this Court. Accordingly, petitioner is not entitled to have his 1978, 1979, and 1980 Federal income tax liability computed on the basis of the "married filing joint return" tax rates. *546 To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioner did file a Form 1040 for his 1978 taxable year, but due to his failure to set forth pertinent information petitioner has conceded that it did not constitute a valid return.↩
3. In fact, on the Form 1040 petitioner submitted to respondent for his 1978 taxable year, see n. 2, supra,↩ petitioner marked the box provided for the filing status of "married filing separate return."